[No. 17361.　Department Two.　November 24, 1922.]

## Nels Hawkinson, *Respondent,* v. Carlisle Packing Company, *Appellant.*[1]

Appeal (129)—Trial (98)—Instructions—Requests—Necessity. In an action on express contract for services, error cannot be assigned on failure to instruct the jury upon the theory of recovery on *quantum meruit,* in the absence of a special request therefor, especially where the court was given to understand that appellant sought recovery of "all or nothing."

Trial (101) — Requests — Instructions Already Given. Error cannot be assigned upon the refusal of requested instructions already given.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered March 16, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.　Affirmed.

*Curtis E. Abrams, Jno. A. Shackleford,* and *Elizabeth Shackleford,* for appellant.

*Sather & Livesey,* for respondent.

Hovey, J.—Appellant is extensively engaged in the business of salmon fishing and salmon canning, and respondent had been in its employ for many years, and in recent years was in charge of appellant's canneries in Alaska as superintendent.　The respondent sued for salary for the year 1920, and appellant answered, claiming offsets of $1,500 for failure to cause certain repairs to be made, further damages for failure to carry out certain orders as to the kind of fish to be canned, other damages for failure to properly house and care for fishing appliances, and a further claim of offset was made for $2,500 overdrawn by the respondent.　The third affirmative defense was that respond-

[1]Reported in 210 Pac. 802; 214 Pac. 1067.

ent had forfeited his right to any compensation by reason of his disloyalty in having arranged to enter the employ of a competitor of appellant prior to the termination of his 1920 employment.

The case was tried to a jury, which brought in a verdict for the full amount of the claim, and judgment was subsequently entered thereon.

Most of the issues are disposed of by the verdict of the jury. The question presented by this appeal is the correctness of the trial court in submitting the case to the jury upon the theory that respondent was either entitled to recover the entire amount sued upon or no sum whatever, and that the defenses, if found to be sustained, would operate as a complete bar.

This situation arose out of the following facts which are substantially admitted. During a recess in the course of the trial, the trial judge addressed counsel in the cause as follows:

"I have to deliver some instructions to the jury in this case pretty soon and in looking over the proposed instructions that you boys have submitted, this question occurs to me. Is there any question of quantum meruit in this case? I have been watching the evidence and in the light of the pleadings and what has happened here, after looking over your proposed instructions, the court would like to know whether any of you gentlemen are contending that this plaintiff could recover only a part of his compensation, assuming that he is entitled to recover at all, or, is it your theory that he recovers all or nothing?"

Whereupon the counsel for appellant stated to the court, in substance:

"I do not believe there is any serious contention about that matter. I do not see how a man can be disloyal and accord his principal the treatment that we claim the plaintiff has in this case, and be entitled to recover anything."

Whereupon the court said, in effect: "Well, it is all or nothing then, is it?" And in answer thereto, chief counsel for defendant stated "Yes."

In this court appellant takes the position that, if the jury had been instructed that they could have considered one or more of the offsets in mitigation of the amount respondent might recover, they might have been inclined to allow one or more of the sums claimed, but that, as the instructions required the jury to find the full amount or none at all, the jury would be less inclined to consider the defenses. And the contention is further made that what counsel intended was relative to the main recovery and was not intended to reach as far as the theory adopted by the trial court.

In view of what is admitted to have occurred, we consider it was at least the duty of counsel for appellant to have tendered instructions upon this point, and when the trial court gave instructions strictly in accordance with the apparent understanding, his attention should have been called to the contention of appellant before it will be permitted to make that contention here.

Complaint is made of failure to give certain other instructions upon abstract propositions of law, but we consider that, so far as they were required by the evidence presented, they are substantially covered by the instructions given.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MAIN, and TOLMAN, JJ., concur.

## ON REHEARING.
### [En Banc. May 4, 1923.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the judges are of the opinion that the case

was correctly disposed of by the decision of Department Two, and for the reasons there stated, the judgment is affirmed.